**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

LARRY THOMAS REMINGTON,
　　　　　　*Defendant-Appellant.*

No. 00-4459

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-00-25-BR)

Submitted: January 16, 2001

Decided: February 5, 2001

Before: WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. *See* Local Rule 36(c).

---

## OPINION

PER CURIAM:

Larry Thomas Remington appeals his sentence of fifty-seven months' imprisonment pursuant to his guilty plea to four counts of sexual abuse of a minor. Because he did not object to the challenged upward departure at sentencing, we review the sentence for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Rolle*, 204 F.3d 133, 138 (4th Cir. 2000). Finding no such error, we affirm.

Remington admitted having repeated sexual contact with the same victim approximately once per week for four years. The district court found that "[t]he guidelines used in this case neither consider the number of occasions in which the defendant had sexual conduct with a minor, nor do they take into account the duration of these encounters." (J.A. 44). The court, therefore, applied a five-level upward departure for engaging in a pattern of activity involving the sexual abuse of a minor pursuant to *U.S. Sentencing Guidelines Manual* §§ 5K2.0 and 2G2.2(b)(4) (1998). On appeal, Remington argues that because he received a four-level multi-count adjustment, that the court's upward departure results in unreasonable double-counting.

We conclude that the district court imposed the upward departure based upon sexual conduct with a minor that was not accounted for by the four charges to which Remington pled guilty. *See United States v. Amirault*, 224 F.3d 9, 11 (9th Cir. 2000) (affirming application of five-level upward departure under USSG §§ 5K2.0 and 2G2.2(b)(4)). Therefore, we conclude the sentence did not amount to "double-counting" of the same conduct. We have thoroughly reviewed the briefs and record on appeal and find no reversible error. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*