SUMMARY ORDER

Defendant Andrew Crispo appeals from a judgment of conviction of the United States District Court of the Southern District of New York entered on February 11, 2003 sentencing him to a term of 65 months’ imprisonment for violating 18 U.S.C. § 1503 (Obstruction of Justice) and 18 U.S.C. § 1951 (the Hobbs Act). These charges were based on Crispo’s conduct in threatening to kidnap the minor child of the attorney who served as lead counsel to the bankruptcy trustee that then represented Crispo’s estate in bankruptcy proceedings pending in the Southern District of New York.[1]
*23 At an earlier sentencing, Judge Heller-stein had sentenced Crispo to a term of 85 months on each count to be served concurrently. United States v. Crispo, 306 F.3d 71, 74 (2d Cir.2002). A panel of this Court affirmed the conviction but vacated the sentence on the ground that the district court had erred in departing upward three levels for threats to a “government officer” under U.S.S.G. § 3A1.2(a) because the bankruptcy trustee, while an officer of the court, was not a “government officer” within the meaning of the Guidelines. Id. at 82.
On remand, Crispo moved for a downward departure for extraordinary rehabilitation, and the district court sua sponte ordered the parties to brief the possibility of an upward departure “in lieu of’ the official victim enhancement, based on the district court’s belief that the Guidelines failed “to adequately take into consideration the aggravating circumstances of this case — namely, the defendant’s specific conduct in endangering the fair and orderly distribution of a bankrupt debtor’s funds and assets to creditors.” The parties submitted briefing on this issue and were given opportunities to respond to each other’s submissions. At the resentencing, the district court granted a one-level downward departure for extraordinary rehabilitation, but imposed a two-level upward departure based on Crispo’s intent “to seriously disrupt a bankruptcy proceeding, undermine the ability of the trustee and his counsel to fulfill their duties, and defy his own responsibilities as a debtor.” This resulted in a Guidelines range of 63 to 78 months, and Judge Hellerstein sentenced Crispo to 65 months’ imprisonment.
Crispo now argues that (1) the district court violated the mandate rule by imposing an upward departure on grounds not previously argued by the government; (2) the court erred in departing upward under § 5K2.0 because it gave him inadequate notice of the basis for the eventual departure, and the conduct relied on by the district court is already taken into account by the Guidelines; and (3) the upward departure was motivated by the district court’s impermissible dissatisfaction with the available sentencing range. For reasons that follow, we disagree.
It is undisputed that the mandate in Crispo I, remanding for re-sentencing, was limited. Ordinarily, in such circumstances, the district court would be restricted to considering the issues specified in that mandate. See United States v. Quintieri, 306 F.3d 1217, 1228 (2d Cir.2002). Here, however, the upward departure imposed by the district court on remand falls within the exception to the mandate rule that permits a new argument on remand where there was no reason to have raised the argument previously. See id. at 1229-30 (“Thus, if a sentencing determination had no practical effect on a defendant’s sentence at the original sentencing but becomes relevant only after appellate review, a defendant is free to challenge that sentencing determination on remand, and ultimately on reappeal, despite the failure to challenge that determination initially.”). Because the district court erroneously believed the three level enhancement for an official victim applied at the time it first sentenced Crispo, there was no reason until after remand to raise the possibility of departure under § 5K2.0 on the grounds that the victim was a bankruptcy trustee.
We also reject Crispo’s contention that he lacked adequate notice of the grounds for departure. He did not raise this objection of lack of notice at sentenc *24 ing, when the district court expressly advised Crispo of the grounds on which it planned to depart. We accordingly conclude that Crispo had adequate notice of the grounds of departure.
Crispo also contends that the district court erred in imposing an upward departure under § 5K2.0 by analogy to the official victim enhancement.[2] According to Crispo, the district court impermissibly sought to achieve under § 5K2.0 what it could not do under either the official victim enhancement section, or under § 5K2.7 (“Disruption of Governmental Function”), which provides that where “the defendant’s conduct resulted in a significant disruption of a governmental function, the court may increase the sentence above the authorized guideline range to reflect the nature and extent of the disruption and the importance of the governmental function affected.” U.S.S.G. § 5K2.7 (emphasis added).
At sentencing, however, the government expressly disclaimed any reliance on § 5K2.7, and the district court made no finding of any substantial interference with the bankruptcy proceeding. Instead, Judge Hellerstein upwardly departed “because the defendant’s sentence does not now reflect punishment for the intent of the defendant to seriously disrupt a bankruptcy proceeding, undermine the ability of the trustee and his counsel to fulfill their duties, and defy his own responsibilities as a debtor.” He also stated that in originally imposing the official victim enhancement, he intended “to reflect the harm to the public order resulting from an extortion aimed at affecting the behavior of a bankruptcy trustee. That harm remains, even if a bankruptcy trustee may not be a ‘government officer,’ and it is appropriate for Crispo’s sentence to take that harm into consideration.” Accordingly, as we read Judge Hellerstein’s sentencing decision, he imposed the enhancement not because of any actual disruption to the orderly distribution of assets in the bankruptcy proceeding, but rather by analogy to the harm originally targeted by the official victim enhancement, which remained uncounted in the sentencing on remand.
We have expressly held that such reasoning by analogy is permissible. See United States v. Speenburgh, 990 F.2d 72, 76 (2d Cir.1993) (“The authority for an adjustment does not inevitably carry the negative implication that facts that fail to qualify for the adjustment are ineligible for a departure.”); accord United States v. Amirault, 224 F.3d 9, 12 (1st Cir.2000) (“A sentencing court is free to make suitable comparisons and draw plausible analogies in considering whether to depart from the guideline sentencing range.”). In light of the district court’s well-supported findings of Crispo’s intent to influence the bankruptcy trustee through his threats, we conclude that the upward departure by analogy to the official victim adjustment was appropriate.
Finally, we reject as meritless defendant’s contention that the district court’s actions on resentencing suggests an *25 impermissible dissatisfaction with the applicable Guidelines range. Most importantly, we note that the court imposed only 65 months on remand (in contrast to the 85 months he originally imposed). The fact that the 65 month sentence imposed falls in the low end of the available sentencing range under the Guidelines (63 to 78 months), as well as the fact that Judge Hellerstein granted a one-level downward departure, suggest the absence of any improper motive. Further, the district court’s concern that the sentence calculation did not take into account the full extent of the defendant’s conduct absent an enhancement for an official victim does not evidence dissatisfaction with the available range. Instead, it suggests that the district court properly considered the intersection of the applicable Guidelines factors and reached a sentence that it reasonably believed accounted for the harm caused by defendant’s actions.
The sentence imposed by the district court is therefore AFFIRMED.

. Crispo was also sentenced concurrently to 12 months for possession of crack cocaine in *23 violation of 21 U.S.C. § 844.

. Prior to April 30, 2003, we reviewed a district court’s decision to depart downward for abuse of discretion. See Koon v. United States, 518 U.S. 81, 98-100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); United States v. Smith, 331 F.3d 292, 293 (2d Cir.2003). The government argues that the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act”), Pub.L. No. 108-21, 117 Stat. 650 (2003), applies retroactively, and that we are now to review the departure de novo. Because we conclude that the departure here was warranted under either standard, we do not decide whether the PROTECT Act applies to sentences on appeal at the time of its enactment.