[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13260
Non-Argument Calendar

_____

D. C. Docket No. 06-00461-CR-3-001-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMBROSE PUENTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 4, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Ambrose Puente appeals his sentence of life imprisonment imposed following a guilty plea to one count of aggravated sexual abuse of a child. 18 U.S.C. § 2241(c). The district court sentenced Puente to the statutory maximum penalty for the offense. Puente argues that the district court erred when it departed upward under three separate sections of the Guidelines and that his sentence is unreasonable. We affirm.

## I. BACKGROUND

A minor victim told her mother that the victim's ex-stepfather, Puente, had sexually abused her from 1996 to 1998 when the victim was between six and eight years old. The victim reported that Puente kissed her, touched her vagina, and held her buttocks on several occasions. The victim also reported that Puente forced her to perform oral sex on him on multiple occasions and that "wet stuff" came out of Puente's penis into her mouth during several of these episodes.

Because all of the acts of sexual abuse occurred on Eglin Air Force Base in Florida, within exclusive federal jurisdiction, the military interviewed Puente after the victim's disclosure. Puente consented to and failed a polygraph examination regarding the incident. He then provided investigators with a written statement in which he admitted to the sexual contact on 10 to 15 occasions but insisted that the victim initiated this contact. After Puente was arrested, he provided a second

2

written statement that conceded that the sexual contact occurred in the family home.

At his plea hearing, Puente admitted that he had reviewed the stipulation of facts with his attorney, executed the stipulation, and admitted, without reservation, that he had acted in accordance with the facts described in the stipulation. The district court accepted Puente's guilty plea and informed him that the court could impose a sentence outside of his Guideline range and that the statutory maximum for his offense was life imprisonment. A presentence investigation report was prepared that calculated that Puente's Guideline range was 97 to 121 months of imprisonment and stated that an upward departure under Guideline section 5K2.0(a)(1)(B) might be warranted.

Before sentencing, the district court entered sua sponte an order that identified two additional grounds for an upward departure: section 5K2.3 for infliction of extreme psychological injury and section 5K2.8 for extreme conduct. The presentence investigation report was amended to address these two grounds and recommended that the district court depart upward from Puente's guideline range, vary from the upward range, and impose a life sentence. The district court conducted a sentencing hearing at which it heard argument, took evidence, adopted the presentence investigation report in its entirety, and made factual findings and

legal conclusions. The district court departed upward under three sections of the Guidelines and then varied from the adjusted range to impose a sentence of life imprisonment.

## II. STANDARDS OF REVIEW

We review each decision to depart upward for an abuse of discretion. United States v. Hernandez, 160 F.3d 661, 668 (11th Cir. 1998). We review de novo the interpretation by the district court of any part of the Guidelines, we review the factual findings of the district court for clear error, and we review the extent of the departure for an abuse of discretion. United States v. Crisp, 454 F.3d 1285, 1288 (11th Cir. 2006); United States v. Weaver, 920 F.2d 1570, 1573 (11th Cir. 1991).

We review a sentence for reasonableness, United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005), which is "a deferential abuse-of-discretion standard," Gall v. United States, 128 S. Ct. 586, 598 (2007). See also United States v. Pugh, No. 07-10183, slip op. at 18-24 (11th Cir. Jan. 31, 2008). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."

4

Gall, 128 S. Ct. at 597. We then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788.

## III. DISCUSSION

Puente presents two arguments on appeal. First, Puente argues that the district court erred in its upward departures. Second, Puente contends that his sentence is unreasonable.

A. *The District Court Did Not Abuse Its Discretion When It Departed Upward Under Three Guidelines Provisions.*

Puente argues that the district court erred when it departed upward under three separate Guideline provisions. First, Puente argues that the five-level departure under section 5K2.0 for extraordinary aggravating circumstances was erroneous because extended duration and multiple episodes of abuse in this appeal are insufficient to place it outside the heartland of cases. Second, Puente argues that the three-level departure under section 5K2.3 for extreme psychological injury to the victim was improper because the victim did not suffer any more than what similarly-situated child victims have suffered and the extent of the departure was disproportionate to the injury caused or intended. Third, Puente argues that the

5

three-level departure under section 5K2.8 for Puente's extreme conduct was erroneous because Puente disputed that he ejaculated into the victim's mouth and Puente did not vaginally or anally penetrate the victim. These arguments fail.

The Guidelines permit a district court to depart from a defendant's guideline range in atypical circumstances. See U.S.S.G. Chapter 5 (1998). "[T]o depart from the sentencing guidelines, a district court must make two fundamental determinations: (1) what, if any, factor makes the case 'atypical' (i.e., unlike the typical case found under the applicable sentencing guideline), and (2) should that factor result in a different sentence." United States v. Hoffer, 129 F.3d 1196, 1200 (11th Cir. 1997).

The district court did not abuse its discretion when it departed upward under section 5K2.0. A district court may depart upward under section 5K2.0 if "there exists an aggravating . . . circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." U.S.S.G. § 5K2.0. We have held that upward departures under this section "are allowed for acts of misconduct not resulting in conviction, as long as those acts, whether or not relevant conduct in the section 1B1.3 sense, relate meaningfully to the offense of conviction." United States v. Ellis, 419 F.3d 1189, 1193 n.4 (11th Cir. 2005) (quoting United States v. Amirault, 224 F.3d 9, 12 (1st

Cir. 2000)) (internal quotation marks omitted). Puente admitted to abusing the victim multiple times over at least a five-month period. The district court did not abuse its discretion when it ruled that these uncharged acts were related to the offense of conviction and that they were aggravating factors not adequately taken into consideration by the Guidelines. See United States v. Chatlin, 51 F.3d 869, 873 (9th Cir. 1995); United States v. Anderson, 5 F.3d 795, 804 (5th Cir. 1993).

The district court did not abuse its discretion when it departed upward from Puente's guideline range under section 5K2.3. See United States v. Price, 65 F.3d 903, 911–12 (11th Cir. 1995); see also Anderson, 5 F.3d at 805. A district court may depart upward under section 5K2.3 if the victim "suffered psychological injury much more serious than that normally resulting from [the] commission of the offense." U.S.S.G. § 5K2.3. Serious psychological injury warrants an upward departure when there is evidence of a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of the victim, and the impairment is likely to be of an extended or continuous duration, and manifests itself by physical or psychological symptoms or by changes in behavior patterns. Id. The district did not clearly err when it found that the victim suffered severe psychological harm based upon information in the presentence investigation report, the statement of the victim, the statement of the victim's mother, and letters from

7

the victim's counselors. This information established that the victim's intellectual functioning was impaired; she was unable to form relationships with others, especially men; she had nightmares; she had mood swings and angry outbursts; she could not sleep; she had suicidal ideations; and she was depressed and anxious. The victim's problems had continued for seven years and some had become worse. The victim will be psychologically affected by the abuse for the remainder of her life.

The district court did not abuse its discretion when it departed under section 5K2.8. A district court may depart upward from a defendant's guideline range under section 5K2.8 "[i]f the defendant's conduct was unusually . . . degrading to the victim." U.S.S.G. § 5K2.8. We have said, "forced oral and anal sex may be especially degrading under § 5K2.8, and that those factors are not taken into account under § 2A3.1." United States v. Lewis, 115 F.3d 1531, 1538–39 (11th Cir. 1997). The finding of the district court that Puente's conduct was extreme and unusually degrading to the victim was not clearly erroneous. Puente forced oral sex on a six-year-old child at least 15 times and ejaculated in her mouth during several of these episodes while he was babysitting her.

## B. Puente's Sentence Is Reasonable.

Puente argues that his sentence is unreasonable. To determine if a sentence is substantively reasonable, we "take into account the totality of the circumstances . . . [and] may consider the extent of [any] deviation [from the advisory Guidelines range], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the [deviation or] variance." Gall, 128 S. Ct. at 594–95, 597. As we have explained, "'[I]t is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence.'" United States v. Melvin, 187 F.3d 1316, 1323 (11th Cir. 1999) (citation omitted) (alteration in original). We will reverse a sentence as unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006).

Puente's sentence is reasonable. The district court carefully considered each of the section 3553(a) factors when it imposed sentence, listened to extensive argument and mitigating evidence during the sentencing hearing, and reviewed several exhibits and the briefs of the parties. The district court determined that a

life sentence was sufficient but not greater than necessary to meet the goals of sentencing set forth in section 3553(a) based on the following several findings: (1) the "extremely harmful" nature and circumstances of the sexual abuse against the victim, who was a minor child in Puente's care and custody at the time of the abuse; (2) the seriousness of the offense, including that the victim would be affected and impaired psychologically for the rest of her life due to the abuse; (3) Puente's history and characteristics, including his statements to law enforcement officials that the six-year-old victim initiated the sexual abuse and controlled the situation, and he believed that she was experienced; (4) the need for deterrence and to protect the public from further crimes by Puente; and (5) the need for mental health treatment and counseling. All of these findings were fully supported by the record and were not clearly erroneous. We are not "left with the definite and firm conviction [on this record] that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363.

## IV. CONCLUSION

Puente's sentence is **AFFIRMED**.