**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel Wayne WELCH, Defendant–Appellant.**

No. 93–2113.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1993.

Decided Dec. 1, 1993.

PER CURIAM.

In the early morning hours of April 8, 1992, Daniel Wayne Welch forcibly raped a taxicab driver near Sheridan, Wyoming, and then compelled her to drive him aimlessly for the rest of the night. They wound up in Deadwood, South Dakota, where the cab driver escaped. Welch appeals his subsequent conviction for kidnapping in violation of 18 U.S.C. § 1201(a)(1) on the ground that the district court [1] should have charged the jury that knowing transportation of the victim across state lines is an element of this crime. We disagree with Welch's construction of the statute and therefore affirm.

The original federal kidnapping statute, the Lindbergh Act, punished "[w]hoever

1. The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota.

knowingly transports [a kidnap victim] in interstate or foreign commerce." *See* 18 U.S.C. § 408a (1940). In *Wheatley v. United States*, 159 F.2d 599, 602 (4th Cir.1946), the court reversed a kidnapping conviction because the trial court had failed to instruct the jury that, under this statute, "the guilty knowledge applies not only to the forcible abduction but also to the insterstate commerce feature of the offense."

In 1972, Congress restructured the statute to its current form: "Whoever unlawfully ... kidnaps ... any person ... when (1) the person is willfully transported in interstate or foreign commerce" violates 18 U.S.C. § 1201(a). *See* Pub.L. 92–539, Tit. II, § 201, 86 Stat. 1072. The legislative history to these amendments expressly stated that, under the revised statute, transportation of the victim in interstate commerce is simply one jurisdictional basis for federal punishment of kidnappers:

> [T]he law is amended to make the thrust of the offense the kidnapping itself rather than the interstate transporting of the kidnapped person. This effort [is intended] to clearly differentiate the question of what is criminal from the question of what criminal behavior falls within Federal jurisdiction. . . .

S.Rep. No. 1105, 92nd Cong., 2d Sess. (1972), *reprinted in* 1972 U.S.C.C.A.N. 4316, 4317–18. Three circuits have confronted Welch's contention that a conviction under § 1201(a)(1) requires knowing transportation of the victim across state lines. Each has rejected this argument as inconsistent with the 1972 amendments:

> The language of the statute, however, does not require that an offender know that he is crossing state lines. So long as he 'willfully transports' his victim and, in doing so, travels in interstate commerce, he need not do so knowingly.

*United States v. Bankston*, 603 F.2d 528, 532 (5th Cir.1979) (footnote omitted). *Accord*, *United States v. Duncan*, 855 F.2d 1528, 1536–38 (11th Cir.1988), *cert. denied*, 489 U.S. 1029, 109 S.Ct. 1161, 103 L.Ed.2d 220 (1989); *United States v. Napier*, 518 F.2d 316, 318–19 (9th Cir.), *cert. denied*, 423 U.S. 895, 96 S.Ct. 196, 46 L.Ed.2d 128 (1975). We agree with the reasoning of these cases and their construction of the present § 1201(a)(1).

Welch argues that this court held to the contrary in *United States v. McCabe*, 812 F.2d 1060, 1061 (8th Cir.), *cert. denied*, 484 U.S. 832, 108 S.Ct. 108, 98 L.Ed.2d 67 (1987), when we stated that the four elements of a § 1201(a) violation include "(1) the transportation in interstate commerce ... [and] (4) such acts being done knowingly and willfully." However, *McCabe* involved entirely different issues and cited in support of this general statement of the elements of the crime a Fifth Circuit case decided prior to *Bankston*. We conclude that *McCabe* did not decide whether the government must prove that defendant "willfully transported" the victim in interstate commerce, as the statute provides, or "knowingly transported," as Welch contends. The construction of the statute we adopt in this case is consistent with *United States v. Larson*, 596 F.2d 759, 769 (8th Cir.1979), where we affirmed a § 1201(a) conviction because "the Government produced sufficient evidence ... that the kidnappers violated the federal kidnapping law by travelling interstate with their victim."

■ In this case, the district court charged the jury:

> You are instructed that knowledge of crossing state lines is not an essential element of the kidnapping offense. The requirement that the defendant cross state lines merely furnishes a basis for exercise of federal jurisdiction and does not constitute an element of the offense. The offense occurs when the kidnapper 'willfully and knowingly transports' his victim and in doing so travels in interstate commerce.

We hold that this was a correct statement of the law. Welch argues that the district court's charge was confusing because other portions could be construed as supporting Welch's position. We have reviewed the cited portions and conclude that they did not muddy the court's otherwise clear instruction on this issue. In any event, any confusion could only have worked to Welch's advantage, in which case the error was harmless.

*See United States v. Luster,* 896 F.2d 1122, 1126 n. 2 (8th Cir.1990).

The judgment of the district court is affirmed.