United States Court of Appeals,

Eleventh Circuit

No. 96-2056

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Jerry Lee LEWIS, Defendant-Appellant.

June 26, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. 95-03048-LAC), Lacey A. Collier, Judge.

Before BIRCH and CARNES, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

By a one count indictment, Jerry Lee Lewis (the "defendant") was charged with unlawfully and knowingly kidnapping a twenty-six year old woman and willfully transporting her in interstate commerce between the states of Florida and Alabama in violation of 18 U.S.C. § 1201(a)(1). The defendant pled guilty; the court sentenced him to life imprisonment. The defendant appeals that sentence. We affirm.

I.

On July 25, 1995, the defendant pled "not guilty" to the charge of kidnapping Monica Showalter ("Showalter"). Shortly before his scheduled trial, the defendant appeared with counsel at a rearraignment for the purpose of changing his plea to "guilty." The district court made numerous inquiries to establish the defendant's ability to understand the proceedings,[1] and thereafter

The Judge asked the defendant (1) the extent of his schooling (defendant's response: 3 years community college); (2) whether he could read and write English (yes); (3) whether he was having any problems understanding what the Judge or lawyers were saying (no); (4) whether he had ever been treated for mental illness (no); (5) whether to his knowledge, he was suffering from any mental or emotional instability (no), (6) whether he had had any drugs or alcohol within the last 24 hours (no); (7) whether he was under the influence of any medication or anything else that might impair his ability to think clearly (no); (8) whether he understood that he had the right to a jury trial, the right to assistance of counsel at trial, the right to have a jury determine his guilt or innocence, the absolute right to remain silent, the right to confront witnesses, the right to compel witness attendance, the right to continue with his plea of not

asked the prosecutor to state a factual basis for the plea.

In summary, the prosecutor indicated that, at about 2 a.m. on July 1st, Showalter stopped at a closed gas station in Gulf Breeze, Florida, to use a pay phone. A few minutes later, the defendant, who was unknown to Showalter, pulled into the same gas station. The defendant exited his car, struck Showalter, beat her into unconsciousness, placed her in his own vehicle, and drove westbound toward Alabama. En route, the defendant forced Showalter to perform oral sex upon him. After crossing into Alabama, the defendant stopped and raped Showalter both vaginally and anally. The journey then continued, until the defendant was pulled over for a traffic violation. The police officer saw Showalter sitting in the passenger seat, noted that she was weeping and wounded, and called an ambulance. Once Showalter was inside the ambulance, she informed the paramedics that she had been raped, whereupon the defendant was placed under arrest.

After the prosecution's summary, the defendant averred that not all of the recited facts were true. When asked by the court to specify which were true and which were not, the defendant emphatically stated that he did not rape Showalter and that he did not know he was in Alabama.[2] The defendant then conferred with his attorney, who subsequently asked the defendant for the record whether he was "admit[ting] to the kidnapping portion." R2-11. The defendant's response: "Yes." The court informed the defendant that it made no difference whether he thought he was in Florida or Alabama and that the "other matters" would be taken up at the sentencing phase; the defendant

---

guilty, and the right to have the government prove his guilt beyond a reasonable doubt (yes); (9) whether he understood that by entering a plea he gave up each of those rights, that he would have no further trial, that he would give up all defenses he might otherwise have, that he would give up his right to appeal the issue of his guilt or innocence, that he could only appeal the sentence imposed, that he would be admitting the truth of the charge against him, that he would not be entitled to withdraw his plea later, and that he could not change his mind (yes). The court also asked the defendant whether he understood the charge of kidnapping in the indictment (yes).

From the transcript of the rearraignment proceedings:

> The Court: Tell me which ones are [true and correct] and which ones aren't.
>
> The Defendant: All the way up to where talking [sic] about I supposedly raped her and everything, pulled off and raped her. One, I didn't know I was in Alabama; two, I ain't [sic] rape her, I didn't rape her, I didn't rape her, I didn't rape her.

said he understood. The court then asked the defendant whether he was "admitting to the actual kidnapping itself?" The defendant responded: "Yes, sir."

Following the defendant's admission, the prosecution indicated that by denying the rape, the defendant had failed to acknowledge some purpose for the kidnapping, which the prosecution believed to be an essential element of the crime. Defense counsel objected to the requirement that his client admit some specific purpose. After more discussion and a brief recess, however, the defendant stated that he kidnapped Showalter for "companionship."

The district court then advised the defendant that he was facing a maximum penalty of up to life imprisonment, or a fine of up to $250,000, or both, a term of supervised release of up to 5 years, a $50.00 special monetary assessment, and possible restitution. The defendant said he understood. The court asked the defendant if he had discussed the U.S. Sentencing Guidelines with his attorney. He had, and he understood that his attorney could not tell him what his sentence would actually be, that the sentence would only be determined after the probation office completed a presentence report, which the defendant would be able to challenge, and that even after all that was said and done, the court could in some circumstances still impose a sentence greater or less than that recommended by the Guidelines. The defendant also professed that he had no questions about his plea agreement, that he understood the nonbinding nature of the agreement upon the court, that he knew if his imposed sentence was greater or more severe than expected, he could still not withdraw the plea, that no threats, pressure, or intimidation had influenced him to plead guilty, that he was fully satisfied with his attorney's representation, and finally that he had no answers that he wanted to change, add to, or modify. The court then accepted the defendant's guilty plea.

At the defendant's sentencing hearing, the prosecution put on several witnesses to establish that Showalter's account of events was the true one. The defendant testified on his own behalf and told the court a substantially different version. The defendant admitted to beating Showalter, but claimed that after the altercation, Showalter consented to take a ride with him "to work things out." The defendant denied forcing Showalter to perform oral sex upon him and denied raping her anally. He conceded to having vaginal intercourse with Showalter, but claimed it was consensual. He

further claimed that when the police officer pulled him over in Alabama, he had been searching for a hospital because Showalter was complaining of abdominal pains.

The district court rejected the defendant's version of events and proceeded to determine his sentence. Section 2A4.1 of the U.S. Sentencing Guidelines provided a base offense level of 24 for kidnapping. *U.S. Sentencing Guidelines Manual* § 2A4.1 (1994) [hereinafter U.S.S.G.]. Subsection (b)(7) of § 2A4.1 instructs that, if the defendant committed another offense during the kidnapping, the offense level should be determined from the "offense guideline applicable to that other offense if such offense guideline includes an adjustment for kidnapping [or] abduction[,]" and if such guideline provides a higher base offense level. U.S.S.G. § 2A4.1(b)(7). The district court found by a preponderance of the evidence that the defendant committed another offense, sexual abuse. The "criminal sexual abuse" guideline provided a base offense level of 27. U.S.S.G. § 2A3.1(a) (1994). The court thus used that base level and increased it by 8 for specific offense characteristics, including the abduction of Showalter and the defendant's use of force or threats of death, serious bodily injury, or kidnapping. *See* U.S.S.G. § 2A3.1(b)(1) (providing for 4 level increase where offense is committed by the means set forth in 18 U.S.C. § 2241, which refers to the use of force, threats, or fear); *Id.* at § 2A3.1(b)(5) (providing for 4 level increase when victim is abducted). The court then made an upward adjustment of 2 for obstruction of justice, which led to an adjusted offense level of 37. Finally, the court found that this case warranted a 3 level upward departure from the Guidelines because the defendant's conduct was unusually heinous, cruel, brutal, and degrading to the victim. *See* U.S.S.G. § 5K2.8 (approving of upward departure for extreme conduct). The end result of these calculations was a guideline level of 40, a criminal history category of III, and a sentencing range of 360 months to life. The court sentenced the defendant to life imprisonment.

The defendant now challenges (i) the constitutionality of his guilty plea, (ii) the prosecution's failure to prove sexual assault beyond a reasonable doubt, (iii) the court's adjusted offense level calculation, (iv) the court's upward departure from the Sentencing Guidelines, and (v) the constitutionality of the kidnapping statute, 18 U.S.C. § 1201. We find each of the defendant's arguments to be without merit.

## II.

A defendant who pleads guilty must do so voluntarily and knowingly. *United States v. Lopez,* 907 F.2d 1096, 1098 (11th Cir.1990). To ensure that a defendant's guilty plea is knowing, Rule 11 of the Federal Rules of Criminal Procedure requires the court to " "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered' and the potential consequences of that plea." *Lopez,* 907 F.2d at 1099 (quoting Fed.R.Crim.Pro. 11(c)). The defendant's first contention in this case is that his plea was not entered knowingly because he neither understood the nature of the kidnapping charge nor the possible consequences of his plea. He claims that the "conduct he admitted did not constitute the offense charged" and that his "denial of rape was equivalent to the denial of the kidnapping." Appellant's Br. at 14.

The elements of the crime of kidnapping under 18 U.S.C. § 1201 are (1) the transportation in interstate commerce (2) of an unconsenting person who is (3) held for ransom, reward, or otherwise, (4) with such acts being done knowingly and willfully. *United States v. Duncan,* 855 F.2d 1528, 1537 (11th Cir.1988). As to the first element, the defendant denied "knowing" he had driven into Alabama. R2-11. The prosecution, however, need not have shown that the defendant knew he was crossing state lines, but only that, in fact, the defendant did cross state lines: "Knowledge of crossing state lines is not an essential element of the kidnapping offense. The requirement that an offender cross state lines merely furnishes a basis for the exercise of federal jurisdiction." *Duncan,* 855 F.2d at 1537 (quoting *United States v. Leichtman,* 742 F.2d 598, 603 n. 5 (11th Cir.1984)); *see id.* ("If we interpreted § 1201 to require proof that the defendant knew he was going to cross state lines, we would be contravening the reasoning behind § 1201"); *accord United States v. Davis,* 19 F.3d 166, 170 (5th Cir.1994) ("Interstate transportation of the victim is a jurisdictional question and not an element of the crime [under § 1201]"); *United States v. Welch,* 10 F.3d 573, 574 (8th Cir.1993) ("The language of [§ 1201], however, does not require that an offender know that he is crossing state lines. So long as he "willfully transports' his victim and in doing so, travels in interstate commerce, he need not do so knowingly") (quoting *United States v.*

*Bankston,* 603 F.2d 528, 532 (5th Cir.1979)).  The court fully informed the defendant that his lack of knowledge about crossing state lines did not affect the charge.  The defendant did not contest that he actually transported Showalter from Florida to Alabama.

As to the second element, transporting an "unconsenting person," the defendant disputed only the assertion that he forced Showalter to have sexual intercourse.  The defendant otherwise admitted to the accuracy of the prosecution's story "[a]ll the way up to where [the prosecutor was] talking about [how he] supposedly raped her."  That included forcibly taking Showalter away from the gas station while she was unconscious.  The court explained, and the defendant acknowledged, that the "other matters," which in context referred to the rape, would be taken up at the sentencing phase.  Both the court and the defendant's own attorney distinguished the "kidnapping part" of the prosecutor's story and specifically asked the defendant whether he admitted to that;  twice the defendant answered affirmatively.[3]

As to the remaining elements, the defendant explicitly admitted that he kidnapped Showalter for "companionship."  That was a legally sufficient admission, because pursuant to the "ransom, reward, or otherwise" language in the federal kidnapping statute, the prosecution need only establish that the defendant acted "for *any* reason which would in *any* way be of benefit."  *United States v. Childress,* 26 F.3d 498, 503 (4th Cir.1994) (emphasis in original);  *see also United States v. Williams,* 998 F.2d 258, 267-68 (5th Cir.1993) ("The benefit sought to be obtained could be either legal or illegal (in itself), and financial or non-financial").  There was never any credible assertion that the defendant did not otherwise act knowingly and willfully.

The defendant claims that he was not aware of the consequences of pleading guilty.  The transcript of the Rule 11 hearing leads us to the opposite conclusion.  The court clearly informed the defendant that he was facing a maximum of up to life in prison.  The defendant said he understood. The defendant admitted that he had discussed the Sentencing Guidelines with his attorney. Defense counsel acknowledged throughout the proceedings that sexual abuse was an aggravating factor

It was not until the sentencing hearing that the defendant claimed Showalter voluntarily accompanied him "to work things out."

which would be taken up at sentencing. The defendant acceded that the court was free to impose a sentence within the guideline range and that, in some circumstances, the court was free to depart either upwardly or downwardly from the Guidelines. In sum, we are satisfied that the defendant understood both the nature and the consequences of his plea.

III.

We review de novo the district court's interpretation and application of the Sentencing Guidelines. *United States v. Trout,* 68 F.3d 1276 (11th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 1032, 134 L.Ed.2d 110 (1996). We review the district court's factual findings for clear error. *United States v. Dukovich,* 11 F.3d 140, 141 (11th Cir.1994).

A.

The defendant argues that the cross-referencing from the kidnapping guideline, § 2A4.1(b)(7), to the sexual abuse guideline, § 2A3.1(a), required a burden of proof higher than a preponderance of the evidence. The defendant also argues that, even under the preponderance of the evidence standard, there was insufficient evidence of sexual abuse to warrant the application of the sexual assault guideline. Finally, the defendant asserts that, because the kidnapping guideline referred the court to the sexual abuse guideline, application of an enhancement for kidnapping constituted impermissible double counting.

In *United States v. Watts,* --- U.S. ----, 117 S.Ct. 633, 136 L.Ed.2d 554, *reh'g denied,* --- U.S. ----, 117 S.Ct. 1024, 136 L.Ed.2d 900 (1997), the Supreme Court held that conduct for which a defendant has been acquitted may be considered "relevant conduct" for sentencing purposes if the defendant is shown by a preponderance of the evidence to have engaged in that conduct. *Id.* --- U.S. at ---- - ----, 117 S.Ct. at 636-38; *see United States v. Averi,* 922 F.2d 765, 766 (11th Cir.1991) (holding that facts related to acquitted conduct may be considered in imposing sentence under Guidelines if proven by a preponderance of evidence). We see no reason under the facts of this case to treat the defendant's uncharged conduct any differently. *See Watts,* --- U.S. at ----, 117 S.Ct. at 637 (recognizing Circuit split as to "whether, in extreme circumstances, relevant conduct that would dramatically increase the sentence must be based on clear and convincing evidence"); *United States*

*v. Kikumura,* 918 F.2d 1084, 1102 (3rd Cir.1990) (requiring clear and convincing evidence of relevant conduct when upward departure increased defendant's sentence from 30 months to 30 years); *United States v. Lombard,* 72 F.3d 170, 178 (1st Cir.1995) (questioning cross-reference where the Guidelines "raise[d] the danger of the defendant's trial and conviction being turned into a means of achieving an end that could not be achieved directly: the imposition of a life sentence "enhancement' based on a federally unprosecutable murder"). The district court did not err in applying the preponderance of the evidence standard to determine if the defendant had sexually abused Showalter. Nor did the court err in finding that the defendant had indeed abused her; the prosecution presented ample evidence to meet that burden.

The defendant's final challenge to the application of the sexual abuse guideline, wherein he claims that application of § 2A3.1's enhancement for abduction constituted impermissible double counting, is meritless. Double counting under separate guidelines is permitted if the Sentencing Commission intended that result and if each section concerns conceptually separate notions relating to sentencing. *United States v. Aimufua,* 935 F.2d 1199, 1200-01 (11th Cir.1991). The kidnapping provision specifically requires that either the cross-referenced guideline include an adjustment for kidnapping or, if not, the court should add four levels to the base offense level in the cross-referenced provision. U.S.S.G. § 2A4.1(b)(7). The Commission clearly intended an enhancement for kidnapping. Moreover, sexual assault and kidnapping are conceptually separate notions. The Fifth Circuit has previously found that this cross reference does not offend double jeopardy rights. *United States v. Anderson,* 5 F.3d 795, 797-803 (5th Cir.1993). We agree.

B.

The defendant argues that the district court erred in failing to give him an acceptance of responsibility reduction under U.S.S.G. § 3E1.1(a). He claims that he accepted responsibility by admitting to kidnapping Showalter and that the dispute about raping her was "a sentencing issue [which] should not have precluded the acceptance reduction." Appellant's Br. at 30-31. The prosecution counters that the defendant did not merit the reduction because he received the obstruction of justice enhancement and because his "implausible version" of the kidnapping refuted

his acceptance.

Although a guilty plea "will constitute significant evidence of acceptance of responsibility[,] this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 3). A defendant may not warrant the adjustment if he falsely denies relevant conduct for which he is accountable. U.S.S.G. § 3E1.1, comment. (n. 1(a)). The defendant bears the burden of proving his entitlement to this reduction. *United States v. Cruz,* 946 F.2d 122, 126 (11th Cir.1991). This Court reverses rulings on such matters only if clearly erroneous. *United States v. Query,* 928 F.2d 383, 386 (11th Cir.1991).

The defendant admitted to kidnapping Showalter, but his assertion that Showalter consented to sexual intercourse is inconsistent with his acceptance of responsibility. *See* U.S.S.G. § 3E1.1, comment. (n. 1(a) & 3). All told, the defendant did not satisfy the burden of proving his entitlement to the reduction; the district court was thus not clearly erroneous in refusing to give it.

C.

The defendant contends that the district court erred in enhancing his base offense level for obstruction of justice. The court based that enhancement, in part, on the defendant's false testimony at sentencing. The defendant argues that the court failed to make specific findings of perjury. The government responds that particularized findings are not necessary when the sentencing court generally finds the testimony perjurious.

Section 3C1.1 of the Sentencing Guidelines allows an offense level increase if the defendant committed perjury, which means giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993). Although separate and clear findings that address each element of the alleged perjury are preferable, a general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding. *Id.* 507 U.S. at 95, 113 S.Ct. at 1116-17. This Court reviews such determinations for clear error. *United States v. Jones,* 32 F.3d 1512, 1519 (11th Cir.1994).

The court found that the defendant's testimony was a "concoction," and that the victim had been sexually assaulted. The defendant denied forcing Showalter to perform oral sex upon him and denied raping her, contending instead that they had consensual sex. We attribute great deference to the court's credibility determination. *United States v. Lee,* 68 F.3d 1267, 1276 (11th Cir.1995). The inconsistencies in the defendant's testimony, as well as the contradictions with other witness testimony, support a conclusion that the defendant intended to testify falsely, without confusion, about material matters. *Dunnigan,* 507 U.S. at 94, 113 S.Ct. at 1116. The court did not err in enhancing the applicable offense level for obstruction of justice.

D.

The defendant alleges that the court erred in upwardly departing from the Guidelines because it relied on the degrading nature of his assaults without making the finding that their nature removed the defendant's case from the "heartland" of sexual assaults. *See Koon v. United States,* --- U.S. ----, ----, 116 S.Ct. 2035, 2046, 135 L.Ed.2d 392 (1996). The defendant also argues that the extent of the departure (3 levels) was unreasonable. We disagree.

This Court reviews guideline departures for abuse of discretion. *United States v. Taylor,* 88 F.3d 938, 942 (11th Cir.1996). A sentencing could may depart when it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines...." 18 U.S.C. § 3553(b). The Supreme Court has referred to such circumstances as those that take the case out of the "heartland" of the applicable guidelines. *Koon,* --- U.S. at ----, 116 S.Ct. at 2046.

In assessing whether a departure is appropriate, the *Koon* Court directed sentencing courts to classify each circumstance as a forbidden, encouraged, discouraged, or unmentioned basis for departure. *Id.* If a factor is forbidden, it cannot be considered a basis for departure. *Id.* at ---- - ----, 116 S.Ct. at 2044-45. If a factor is encouraged, the court is authorized to depart if the Guidelines do not already take that factor into account. *Id.* at ----, 116 S.Ct. at 2045. If the factor is discouraged, or an encouraged factor already taken into account, the factor may be the basis for departure only if it is present to an exceptional degree or in some other way makes the case different

from the ordinary case. *Id.* If the factor is unmentioned, the court should consider the structure and theory of both the relevant guideline and the Guidelines as a whole, and determine whether the factor is sufficient to take the case out of the heartland. *Id.*

The district court concluded that the defendant's case involved "aggravating circumstances of a kind or degree that are not adequately taken into consideration by the Sentencing Guidelines." R3-99. The court cited "the number of assaults" ("at least three") and "the nature of the assaults" ("forcible oral, anal, and vaginal sex, degrading in type, and insulting in nature"). R3-99. Making its decision pre-*Koon,* the court obviously did not classify each circumstance as a forbidden, encouraged, discouraged, or unmentioned basis for departure. The factors cited, however, are clearly "encouraged" factors under the Guidelines. *See* U.S.S.G. §§ 2A3.1, 5K2.8. Other circuits have established that forced oral and anal sex may be especially degrading under § 5K2.8 and that those factors are not taken into account under § 2A3.1. *See United States v. Johnson,* 56 F.3d 947, 958 (8th Cir.1995) (holding that defendant's extreme conduct, including forcing victim to perform oral sex, fell within parameters of § 5K2.8); *United States v. Anderson,* 5 F.3d 795, 804 (5th Cir.1993) (rejecting argument that forced oral and anal sex were already taken into consideration by Guidelines); *United States v. Chatlin,* 51 F.3d 869, 873 (9th Cir.1995) (stating that "extreme conduct may be established by a showing of anal intercourse, which is a degrading form of sexual abuse"); *United States v. Ellis,* 935 F.2d 385, 386 (1st Cir.1991) (holding that particularly degrading forms of sexual abuse warranted upward departure). We agree.

As for the extent of the court's departure, the court noted that U.S.S.G. § 2A4.1(b)(5) provided a 3 level increase when a kidnapping victim was sexually exploited and observed that, under such logic, the defendant could qualify for a 6 level increase. (One assault by the defendant triggered application of the sexual abuse guideline, and the remaining two assaults supported the 6 level departure). The court chose, however, to depart only by 3 levels. The defendant claims the court's reasoning is contrary to the grouping principles in Chapter 3, part D. *See* U.S.S.G. § 3D (providing incremental punishment for multiple count convictions). However, such grouping principles do not apply to offenses under Chapter 2, part A. U.S.S.G. § 3D1.2(d). We find that the

court's departure was reasonable considering the number and viciousness of the defendant's assaults, the defendant's criminal history, which included a conviction for robbery and attempted murder when the defendant choked and raped another woman, and the fact that the sentence imposed was within the statutory maximum. We conclude that the district court did not err in sentencing the defendant to life imprisonment.

## IV.

As a final attack, the defendant claims the kidnapping statute, 18 U.S.C. § 1201, is an unconstitutional exercise of Congress's commerce power as that power is defined in *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). He also claims that even if the statute is constitutional, his actions did not trigger the statute because he was not engaged in interstate commerce. The defendant raises these issues for the first time on appeal.

"This Court will [generally] not address an issue not decided by the district court." *United States v. McAllister,* 77 F.3d 387, 389 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 262, 136 L.Ed.2d 187 (1996). Although that rule is discretionary, we see no reason to depart from it in this case. *Lopez* was decided before the defendant kidnapped Showalter. The defendant had every reason and opportunity to make the same constitutional arguments before the district court. Prohibiting him from raising them now does not result in a miscarriage of justice. *See McAllister,* 77 F.3d at 387 (choosing to address merits of new constitutional challenge to criminal statute because *Lopez* was decided after defendant's trial); *United States v. Hayes,* 40 F.3d 362 (11th Cir.1994) (noting that claims initially raised on appeal cannot succeed without showing of plain error; "[p]lain error is reversed only in the case "in which a miscarriage of justice would otherwise result' ") (quoting *United States v. Frady,* 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982).) We therefore do not reach the merits of the defendant's constitutional challenge.

## V.

We AFFIRM all aspects of the district court's decision.