[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13761
Non-Argument Calendar

_____

D. C. Docket No. 07-00428-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX T. MCKAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 21, 2008)**

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

Appellant Alex T. McKay appeals the 51-month sentence imposed after

pleading guilty to bank fraud, in violation of 18 U.S.C. § 1344. On appeal, McKay argues that the district court erred in denying him a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), because he accepted responsibility when he pled guilty to count seventeen of the indictment, his plea was timely and consequently spared the government the expense of trial, he cooperated with the government in the preparation of the presentence investigation report, and he truthfully admitted to the conduct for the offense of conviction and to the relevant conduct under U.S.S.G. § 1B1.3. Additionally, McKay contends that he did not falsely deny relevant conduct, in particular writing a $100 check to Rhonda Mills, but disputed that he ever received anything of value for it.

"We review a district court's factual findings concerning a reduction for acceptance of responsibility for clear error." *United States v. Williams*, 408 F.3d 745, 756 (11th Cir. 2005). Under clear error review, McKay bears the burden of showing entitlement to a reduction, and the sentencing judge is given great deference on review. *Id.* at 756-57; *United States v. Castillo-Valencia*, 917 F.2d 494, 500 (11th Cir. 1990) ("Because demonstration of whether or not the defendant has personally accepted responsibility for his criminal conduct requires a consideration of both objective and subjective considerations of the defendant's demeanor and sincerity, the district court's determination will not be overturned

2

unless it is without foundation."). The guidelines provide for a two-level reduction when the defendant clearly demonstrates acceptance of responsibility for his offense. U.S.S.G. § 3E1.1(a). Although a guilty plea is significant evidence of acceptance of responsibility, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. *United States v. Lewis*, 115 F.3d 1531, 1537 (11th Cir. 1997) (quoting U.S.S.G. § 3E1.1, comment. (n.1 and 3) (stating that a guilty plea is evidence of acceptance of guilt only when that plea is combined with truthfully admitting the conduct comprising the offense of the conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant was accountable under U.S.S.G. § 1B1.3)).

Here, the record demonstrates that McKay entered into a plea agreement in which he admitted that he wrote a fraudulent check in the amount of $8,950. Though admitting the conduct that constituted the offense of his conviction, McKay himself later wrote a letter to the government denying that Rhonda Mills gave him $100 in cash for a check he presented to her. McKay admitted that he wrote a $100 check but contended that Rhonda Mills never gave him anything of value for it. McKay's letter, while not inconsistent with his admission of guilt regarding his convicted conduct, denies relevant conduct under U.S.S.G. § 1B1.3.

3

Specifically, McKay's statements contradicted Rhonda Mills's testimony that she, in fact, cashed McKay's check for $100. The district court implicitly found Rhonda Mills to be credible given that the court accepted her testimony over McKay's assertions. As such, we will not upset the credibility determination of the district court absent clear error, and there is no showing that the court made such an error regarding the credibility determination of either Rhonda Mills or McKay. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (discussing credibility determinations in context of sentencing hearing). After reviewing the record, we conclude that the court had sufficient foundation to find that McKay falsely denied relevant conduct and, more importantly, that, despite his plea, he did not accept responsibility for his crime. *See Castillo-Valencia*, 917 F.2d at 500. Accordingly, we affirm McKay's sentence.

**AFFIRMED**.

4