[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2010
JOHN LEY
CLERK

No. 09-14458
Non-Argument Calendar

_____

D. C. Docket No. 08-00277-CR-ORL-22-GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS TEJEDA,
a.k.a. Ferdinand Machado-Morales,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 9, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Tejeda, through counsel, appeals his 100-month sentence imposed

after his guilty plea to importing 100 grams or more of heroin, in violation of 21 U.S.C. §§ 952 and 960(b)(2)(A), and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i).

On appeal, Tejeda argues that the district court abused its discretion by failing to grant a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Furthermore, Tejeda contends that because neither he nor the government objected to the presentence investigation report ("PSI"), the district court erred by ignoring the factual findings in the PSI that supported a reduction and by deviating from the PSI's recommendation that he receive a three-level reduction for acceptance of responsibility. Upon review of the presentence investigation report and sentencing transcript and consideration of the briefs of the parties, we affirm.

As an initial matter, at the conclusion of his brief Tejeda states in conclusory fashion that the district court's decision to deny the reduction for acceptance of responsibility violated the notice requirement of Fed. R. Crim. P. 32(h) and that his 100-month sentence is unreasonable because it is greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a). Tejeda's references to Rule 32(h) and § 3553(a) occur in passing. He does not offer any discussion on the merits of either matter through reasoned analysis or citation to legal authority. When a party merely makes a passing reference to an issue with no argument on its

2

merits, the issue is deemed abandoned. *See United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (holding issue abandoned where the defendant made passing references to issue in brief). Accordingly, Tejeda has abandoned these arguments, and we do not address them.[1]

We review a district court's determination as to an acceptance of responsibility reduction for clear error. *United States v. Amedeo*, 370 F.3d 1305, 1320 (11th Cir. 2004). The defendant bears the burden of demonstrating acceptance of responsibility. *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999) (affirming the district court's denial of an acceptance of responsibility reduction even though the PSI recommended the reduction and the government did not object). "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). Section 3E1.1(a) of the Sentencing Guidelines provides for a two-level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility." U.S.S.G. § 3E1.1(a). Although a guilty plea will constitute significant evidence of acceptance of responsibility, it

---

[1] We note that if Tejeda had clearly challenged the substantive reasonableness of his sentence in light of the factors found in 18 U.S.C. § 3553(a), we would readily conclude that his sentence is substantively reasonable.

3

may be outweighed by conduct that is inconsistent with acceptance of responsibility. *See United States v. Lewis*, 115 F.3d 1531, 1537 (11th Cir. 1997); U.S.S.G. § 3E1.1, comment. (n.3). The Guideline commentary also states that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment. (n.4). If a defendant is assessed an enhancement for obstruction of justice under § 3C1.1, a reduction pursuant to § 3E1.1 should be granted only in "extraordinary" circumstances. *Id.*; *see United States v. Arguedas*, 86 F.3d 1054, 1059-60 (11th Cir. 1996) (holding the adjustment for acceptance of responsibility not appropriate where the defendant repeatedly made materially false statements to authorities and the district court, resulting in an enhancement for obstruction of justice).

We note that Tejeda offers scant argument on this issue as well; however, we will address it. The district court did not clearly err in denying Tejeda a reduction for acceptance of responsibility. Tejeda argues that the district court abused its discretion by ignoring the PSI and denying the reduction when neither party objected to it. The district court did not abuse its discretion in deciding that based on the facts of the case, it disagreed with the recommendation in the PSI that Tejeda be granted an acceptance of responsibility reduction. *See Sawyer*, 180 F.3d

4

at 1323.  Furthermore, Tejeda has not appealed the district court's decision to impose an obstruction of justice enhancement under U.S.S.G. § 3C1.1 based on Tejeda's failure to reveal his true identity until his sentencing hearing.  As noted, an acceptance of responsibility reduction is normally not appropriate when an obstruction of justice enhanced has been imposed.  Tejeda has failed to demonstrate that this is an extraordinary case where both should apply.  Accordingly, the district court did not clearly err in denying Tejeda an acceptance of responsibility reduction.

**AFFIRMED.**