[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12789
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00047-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS DRAKES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 26, 2014)

Before HULL, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Curtis Drakes, a former federal prison guard, appeals his 24-month sentence for conspiracy to provide contraband in prison, in violation of 18 U.S.C. §§ 371, 201(b)(2)(C), 1791(a)(1), and 1791(b)(4).  On appeal, Drake argues that his sentence is procedurally unreasonable because the district court erred in denying him an offense-level reduction for acceptance of responsibility and that his sentence is substantively unreasonable.  After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence.[1]  Id.

Then, we examine whether the sentence is substantively unreasonable in light of the § 3553(a) factors and the totality of the circumstances.  Id.  The party challenging the sentence bears the burden of showing that it is unreasonable.  Id. at

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

2

1189.  We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Id. at 1191(quotation marks omitted).

As to procedural reasonableness, the district court did not clearly err in denying Drakes a three-level reduction in his offense level, pursuant to U.S.S.G. § 3E1.1(a), for acceptance of responsibility.  See United States v. Bradley, 644 F.3d 1213, 1283 (11th Cir. 2011) (reviewing for clear error a district court's determination of whether a defendant accepted responsibility).  As the district court correctly noted, Drakes was not entitled to a reduction for acceptance of responsibility as a matter of right even though he pled guilty and readily admitted to smuggling cell phones into prison and then selling them to inmates.  See U.S.S.G. § 3E1.1, cmt. n.3.

Although a guilty plea will constitute significant evidence of acceptance of responsibility, the evidence may be outweighed by conduct that is inconsistent with acceptance.  United States v. Lewis, 115 F.3d 1531, 1537 (11th Cir. 1997).  Here, Drakes does not dispute that while on pretrial supervision, he submitted a urine sample that tested positive for the presence of marijuana and cocaine and then failed to comply with court-ordered substance abuse treatment, both of which are appropriate factors for the district court to consider in determining whether an

3

acceptance-of-responsibility reduction is warranted.  See U.S.S.G. § 3E1.1, cmt. n.1(B), (G).

Further, the district court did not clearly err in determining that Drakes's drug-related conduct was inconsistent with acceptance of responsibility.  The district court found that, despite Drakes's guilty plea, his failure to follow up with substance-abuse treatment that was intended to end his drug usage showed that he was not willing to comply with the law.  But, even absent his failure to comply with court-ordered treatment, Drakes's drug use while on pretrial supervision provided sufficient evidence for the district court to deny him the three-level acceptance-of-responsibility reduction.  See United States v. Scoggins, 880 F.2d 1204, 1215-16 (11th Cir. 1989) (upholding a district court's denial of an acceptance-of-responsibility reduction where the defendant, charged with theft, used drugs after his arrest).

Drakes's sentence is also substantively reasonable.  Drakes's 24-month sentence is at the low end of the advisory guidelines range of 24 to 30 months' imprisonment and well below the five-year statutory maximum under 18 U.S.C. § 371.  See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, while we do not apply a presumption, we ordinarily expect a sentence inside the advisory guidelines range to be reasonable); United States v. Gonzalez, 550

4

F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness).

In denying Drakes's request for a downward variance, the district court specifically pointed out that: (1) Drakes's offense involved a violation of his oath as a law enforcement officer and endangered the prison facility; (2) his actions were not completely out of character given that the offense involved multiple (seven) phones and likely would have continued had he not been discovered; and (3) there was a significant need not only to punish Drakes, but to deter other prison officers who might be tempted to engage in similar conduct.  We cannot say the district court abused its discretion when it concluded that those factors outweighed Drakes's employment history, family obligations, and limited criminal history, the factors Drakes cited in support of his variance request.  See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (stating that "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)).

In sum, Drakes has not carried his burden to show his sentence is procedurally or substantively unreasonable.

**AFFIRMED.**