[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10197
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cr-00022-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAYE LEIGH THOMAS,
a.k.a. James Leigh Thomas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 5, 2015)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jaye Leigh Thomas appeals his conviction for possessing cocaine with intent

to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.

Thomas argues that the district court plainly erred by failing to comply with Federal Rule of Criminal Procedure 11 before accepting his plea of guilty and in failing to ensure that his plea was knowingly and voluntarily entered.  Specifically, Thomas complains that the district court (1) failed to question him during his Rule 11 plea colloquy about whether he was under the influence of drugs or alcohol or under a doctor's care; (2) failed to advise him of his right to testify and to present evidence; and (3) failed to make an on-the-record determination that his guilty plea was voluntary.  Thomas did not raise these allegations with the district court or move to withdraw his plea.

Where the defendant neither objects to the plea proceedings nor moves to withdraw the plea, we review the district court's compliance with Rule 11 for plain error.  *United States v. Vonn*, 535 U.S. 55, 59, 122 S. Ct. 1043, 1046 (2002).  Under plain error review, the defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights.  *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (internal quotation mark omitted).  If these elements are met, we may recognize the error, in our discretion, if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id*.  (internal quotation mark omitted).  Plain error cannot be established "where the explicit language of a statute or rule does not resolve an issue" and "there is no precedent from the Supreme Court or this [c]ourt directly resolving it."  *United States v.*

2

*Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).  "A defendant who seeks reversal of his conviction after a guilty plea, [claiming] the district court committed plain error under Rule 11, must show a reasonable probability that, [absent] the error, he would not have" pled guilty.  *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).  Moreover, we "will uphold a plea colloquy that technically violates Rule 11, but adequately addresses" the core concerns of Rule 11.  *United States v. Hernandez-Fraire*, 208 F.3d 945, 950 (11th Cir. 2000).

Under Rule 11, the district court must "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the nature of the" plea being offered and the "potential consequences" of that plea.  *United States v. Lewis*, 115 F.3d 1531, 1535 (11th Cir. 1997) (per curiam) (internal quotation marks omitted).  To determine whether the waiver is knowing and voluntary, a court accepting a guilty plea must comply with the three core concerns of Rule 11 by ensuring that: "(1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant understands the direct consequences of his plea."  *United States v. Jones*, 143 F.3d 1417, 1418–19 (11th Cir. 1998) (per curiam) (internal quotation marks omitted).  We base our determination of whether these core concerns were satisfied by reviewing the record of the Rule 11 hearing, including any written plea

3

agreement. *Id.* at 1420.  There is a strong presumption that statements made during a plea colloquy are true.  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Thomas's claim that the court failed to advise him of his right to testify or to present evidence is without merit.  Thomas entered into a written plea agreement with the government.  The plea agreement reflects a list of rights that Thomas waived by pleading guilty.  This section includes a statement that "[i]f the defendant wished, he could testify on his own behalf and present evidence in his defense."  The agreement specifically states Thomas understands he is giving up these rights.  At the Rule 11 plea colloquy, Thomas stated he was reasonably well-satisfied with the plea agreement.  He admitted he was guilty and that he had sufficient time to think about his plea agreement and discuss it with his attorney before pleading guilty.

As to Thomas's claim that the district court should have asked him whether he was  under the influence of drugs or alcohol, or under a physician's care, before accepting a guilty plea, any such error cannot be deemed "plain" since Rule 11 does not impose such a requirement on the sentencing court, nor is there case law from this circuit reflecting such a requirement.  And, Thomas does not allege that he was, in fact, under the influence of drugs or alcohol, or under a physician's care at the plea hearing.

4

Finally, as to Thomas's claim that the district court failed to make an on-the-record determination that his guilty plea was voluntary as required by Rule 11(b)(2), Thomas verified in his plea agreement that his plea was voluntarily made. If there is plain error, Thomas is unable to demonstrate that such error affected his substantial rights because he has made no showing that he would have pleaded not guilty and gone to trial, absent the error.  Even if there was error that affected his substantial rights, he has not demonstrated that the error seriously affects the fairness, integrity, and public reputation of judicial proceedings.

**AFFIRMED.**