[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11076
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00023-PGB-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY L. ADDISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 3, 2017)

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jeremy Addison appeals his convictions and sentences for assault of a federal law enforcement officer and threats against the President of the United States. He argues that the district court committed plain error by allowing an interested prosecutor to prosecute the case. He also argues that the court incorrectly calculated his sentencing guideline range because (1) he erroneously received an enhancement for obstruction of justice; (2) he did not receive a reduction for acceptance of responsibility; and (3) some of his prior convictions were erroneously counted as separate convictions in his criminal history.

I.

When a defendant does not object to an issue in front of the district court, we review only for plain error. *United States v. Siegelman*, 786 F.3d 1322, 1330 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 798 (2016). Federal prosecutors may not represent the United States in any matter in which they, their family, or their business associates have any interest. *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 803 (1987). We have determined that *Young* categorically forbids

2

an interested person from controlling the defendant's prosecution. *Siegelman*, 786 F.3d at 1329.

Addison sent the prosecutor a threatening letter. The prosecutor, however, had no conflict during the investigation of the case or the change-of-plea hearing: the pertinent threat was sent after the guilty plea. The threat was short-lived, as Addison sent an apology letter soon after sending the threat. Given Addison's repentance, the threat was gone by the time the case got to sentencing. At the sentencing hearing, the prosecutor had no clear personal interest in seeing Addison receive a higher sentence and was not – in a personal sense – obviously an interested party. *See Young*, 481 U.S. at 803; *Siegelman*, 786 F.3d at 1329. Addison is not due relief per plain error review. *See Siegelman*, 786 F.3d at 1330.

II.

We review *de novo* the district court's interpretation of the Sentencing Guidelines and its application of the Guidelines to the facts; we review for clear error the district court's factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194-95 (11th Cir. 2011).

We have affirmed application of the obstruction of justice enhancement, U.S.S.G. § 3C1.1, when a defendant delayed and disrupted court proceedings, in

3

part, by threatening violence to U.S. Marshals, the judge, and other court personnel. *United States v. Perkins*, 787 F.3d 1329, 1333, 1336, 1341 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 599 (2015).

A district court's determination that a defendant is unentitled to a reduction in points for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility. *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999). Although a guilty plea constitutes significant evidence of acceptance of responsibility, the evidence may be outweighed by conduct that is inconsistent with acceptance. *United States v. Lewis*, 115 F.3d 1531, 1537 (11th Cir. 1997).

Section 4A1.2 provides that prior sentences are counted separately in a defendant's criminal history if the sentences were imposed for offenses that were separated by an intervening arrest, meaning that the defendant was arrested for the first offense prior to committing the second offense. U.S.S.G. § 4A1.2(a)(2). The burden is on the government to prove that the prior convictions arose out of separate and distinct criminal episodes. *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010).

The district court did not err in applying the obstruction of justice enhancement because, by sending the threatening letter to the prosecutor, Addison attempted to delay or disrupt the court proceedings for his sentencing. *See Perkins*, 787 F.3d at 1333, 1336, 1341; U.S.S.G. § 3C1.1.

The district court did not clearly err in denying Addison the three-point reduction for acceptance of responsibility, pursuant to § 3E1.1(a) and (b), because his conduct in sending a threatening letter to the prosecutor was inconsistent with true acceptance of responsibility and did not allow the government or the court to dispose of the case efficiently. *See Sawyer*, 180 F.3d at 1323; *Lewis*, 115 F.3d at 1537; U.S.S.G. § 3E1.1(a), (b).

The government's exhibits supported the assertion that the offenses in question were separated by an intervening arrest, and, therefore, the prior sentences were properly scored in Addison's criminal history. *See Sneed*, 600 F.3d at 1329; U.S.S.G. § 4A1.2.

**AFFIRMED.**