[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-16782
Non-Argument Calendar

————————————————

D.C. Docket No. 0:14-cr-60047-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KETUT PUJAYASA,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(August 1, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

After an earlier remand and resentencing, Ketut Pujayasa appeals his 365-month sentence, imposed within the advisory guideline range after the district court departed upward by five levels. Pujayasa pleaded guilty to attempted murder, in violation of 18 U.S.C. § 1113, and aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a)(1). On appeal, he raises four arguments. First, Pujayasa argues that the district court abused its discretion in imposing a two-level upward departure for extreme psychological injury pursuant to U.S.S.G. § 5K2.3. Second, Pujayasa argues that the court abused its discretion in imposing a three-level upward departure for extreme conduct pursuant to U.S.S.G. § 5K2.8. Third, Pujayasa contends that his sentence is procedurally unreasonable because the court failed to consider his post-sentencing rehabilitation. Last, Pujayasa argues that his sentence is substantively unreasonable. We address each argument in turn.

## I.

We review an upward departure from the sentencing guidelines for an abuse of discretion. *United States v. Flanders*, 752 F.3d 1317, 1341 (11th Cir. 2014).

We examine departures from the sentencing guidelines in three steps. *United States v. Omar*, 16 F.3d 1168, 1169 (11th Cir.), *opinion modified on reh'g*, 24 F.3d 1356 (11th Cir. 1994). First, we determine whether the guidelines adequately consider a particular factor, precluding a district court from using the

2

factor as a basis for its departure. *Id.* Second, if the factor is not adequately considered by the guidelines, we must determine whether there is sufficient factual support for the court's departure. *Id.* at 1170. Finally, if an adequate basis for the departure is found, we must weigh the reasonableness of the departure. *Id.* We assess reasonableness "in light of the factors to be considered in imposing the sentence, and the reasons the district court provided for departing." *United States v. Blas*, 360 F.3d 1268, 1274 (11th Cir. 2004).

Under § 5K2.3, the departure provision for "extreme psychological injury," a district court may depart from the guideline range if a victim "suffered psychological injury much more serious than that normally resulting from commission of the offense." U.S.S.G. § 5K2.3. The extent of the psychological injury depends on its severity and the extent to which it was intended or knowingly risked. *Id.* A departure based on psychological injury is normally warranted "where there is a substantial impairment of intellectual, psychological, emotional, or behavioral functioning of a victim, when the impairment is likely to be of an extended or continuous duration, and when the impairment manifests itself by physical or psychological symptoms or by changes in behavior patterns." *Id*. The district court should also take into account the extent to which the harm was likely, "given the nature of the defendant's conduct." *Id.* We have approved of § 5K2.3 departures in instances where victims felt perpetually unsafe or had become

3

restricted their daily activities as the result of an offense. *See, e.g.*, *United States v. Sawyer*, 180 F.3d 1319, 1324 (11th Cir. 1999) (holding that § 5K2.3 departure was proper where bank robbery victim, a teller, testified that she did not feel safe at work, was cautious entering and leaving bank, and had adjusted her daily routine, but vacating and remanding sentence on other grounds); *United States v. Price*, 65 F.3d 903, 912 (11th Cir. 1995) (holding that § 5K2.3 departure was proper where attempted murder victim had attended counseling, suffered from depression, contemplated suicide, no longer felt safe in his home, and had changed lifestyle to be "extra cautious"), *partially abrogated on other grounds by Koon v. United States*, 518 U.S. 81, 100 (1996).

The district court did not abuse its discretion in imposing a two-level upward departure pursuant to § 5K2.3. The victim impact statement and the letter of a board-certified psychologist provide sufficient factual support for the district court's departure. The psychologist's letter indicated that the victim, CLW, suffered post-traumatic stress disorder, major depressive disorder, and cognitive disorder, and the victim impact statement recounted the many ways in which Pujayasa's attack had impacted CLW, causing her to live in fear, become incapable of being alone, and suffer from stress, fatigue, and nightmares. These facts evidence the substantial impairment of CLW's psychological, emotional, or behavioral functioning, demonstrate marked changes in her day-to-day life, and are

4

consistent with other cases in which we have upheld § 5K2.3 departures where a victim no longer felt safe or had become restricted in his daily activities.

## II.

In calculating the applicable guideline range for criminal sexual offenses, the sentencing guidelines provide for a four-level enhancement where the offense involved conduct described in 18 U.S.C. § 2241(a) or (b), which prohibits causing another person to engage in a sexual act: (1) using force against the victim; (2) threatening or placing the victim in fear that he "will be subjected to death, serious bodily injury, or kidnapping"; (3) rendering the victim unconscious; or (4) administering a drug, intoxicant, or other substance that impairs the ability of the victim to appraise or control their conduct and then engaging in a sexual act with the victim.  U.S.S.G. § 2A3.1(b)(1); 18 U.S.C. § 2241(a)-(b). The guidelines also permit a four-level enhancement where the victim sustains "permanent or life-threatening bodily injury."  U.S.S.G. § 2A3.1(b)(4).

Under § 5K2.8, a district court may depart from the guideline range in cases of "extreme conduct," where a defendant's actions are "unusually heinous, cruel, brutal, or degrading to the victim."  U.S.S.G. § 5K2.8.  Extreme conduct includes torture, the gratuitous infliction of injury, or the prolonging of pain or humiliation. *Id.*  We have joined other circuits in holding that "forced oral and anal sex may be

especially degrading under § 5K2.8." *United States v. Lewis*, 115 F.3d 1531, 1539 (11th Cir. 1997).

The district court did not abuse its discretion in imposing an upward departure pursuant to § 5K2.8. Pujayasa's conduct involved attacking a sleeping victim, repeated attempts at strangulation, multiple beatings with blunt objects, an attempt to throw CLW overboard from a moving ship, attempting to rape her, and forcing three fingers into her anus to further "punish" her. Any one of Pujayasa's actions—the use of force, threat of death, or rendering of CLW unconscious—could have justified the four-level enhancement he received pursuant § 2A3.1(b)(1). That his conduct involved all three, as well as repeated and brutal attempts to kill her, distinguishes his case from other sexual abuse cases contemplated by the guidelines. The district court reasonably concluded that this conduct was unusually heinous, cruel, brutal, or degrading to the victim, and not adequately addressed by the pre-departure enhancements that Pujayasa received.

### III.

We review the procedural reasonableness of a sentence for an abuse of discretion. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). In examining procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory,

failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).  The party challenging a sentence bears the burden of showing unreasonableness.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Though the district court must provide some explanation for the sentence, it is not required to discuss each of the § 3553(a) factors or state that it has considered each one.  *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009).  While a court will normally explain why it is rejecting "nonfrivolous reasons for imposing a different sentence," an extensive explanation is not required when a matter is "conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments."  *Rita v. United States*, 551 U.S. 338, 357, 359 (2007).  The court's failure to discuss mitigating evidence does not mean that the court ignored or failed to consider such evidence.  *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

When a defendant's case has been remanded for resentencing, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing."  *Pepper v. United States*, 562 U.S. 476, 490 (2011) (vacating Eighth Circuit decision prohibiting district court from considering post-sentencing rehabilitation after remanding for *de novo* resentencing).  Post-sentencing

7

rehabilitation may be "highly relevant" to the § 3553(a) factors, including "the history and characteristics of the defendant" and the "need for the sentence imposed," and it may "critically inform" a judge's duty to impose a sentence "sufficient, but not greater than necessary to fulfill the purposes set forth in § 3553(a)(2)." *Id.* at 491; *see* 18 U.S.C. § 3553(a).

The district court's treatment of Pujayasa's post-sentencing rehabilitation reveals no procedural error. While the district court was free to consider the fact that Pujayasa had been gainfully employed and taking advantage of course offerings during his imprisonment, it was not required to explicitly state that it had considered this evidence, much less grant Pujayasa a downward variance based on it. However, the district court did state that it had reviewed this evidence, and when it imposed sentence, it further stated that it had considered "the statements of all the parties" as well as the guidelines and the § 3553(a) factors. Because the record is clear that the district court considered the parties' arguments—including those for and against the assignment of weight to Pujayasa's post-sentencing rehabilitation—no further explanation is required.

## IV.

After reviewing a sentence for procedural reasonableness, we review the sentence for substantive reasonableness under an abuse of discretion standard. *See Gall*, 552 U.S. at 51. In reviewing a sentence for substantive reasonableness we

8

consider the totality of the circumstances and will remand for resentencing only when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1189-1190 (11th Cir. 2010) (*en banc*).

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public. 18 U.S.C. § 3553(a)(2). The court must also consider factors including the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the guideline range, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). The weight given to any particular factor is left to the sound discretion of the district court. *Amedeo*, 487 F.3d at 832. That a sentence falls well below the statutory maximum is an indication of reasonableness. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014).

Pujayasa's sentence is not substantively unreasonable. At the resentencing hearing, the district court focused on the seriousness of the offense and the need for the sentence to provide just and sufficient punishment and adequate deterrence.

Though the district court heard evidence relating to Pujayasa's post-sentencing rehabilitation and other mitigating factors, it acted within its discretion in assigning greater weight to other factors.

AFFIRMED.[1]

---

[1]    Pujayasa's motion to withdraw counsel is DENIED.